UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE: MONICA ALEGRIA SOLINES**        **MISCELLANEOUS ACTION**

                                                                          **NO. 18-3680**

                                                                          **SECTION "R" (3)**

**REPORT AND RECOMMENDATION**

On April 11, 2018, the District Court referred this matter to the undersigned. [Doc. #4]. In the Application of Monica Alegria Solines for Discovery Pursuant to 28 U.S.C. § 1782 [Doc. #1], Solines asks the Court for an order pursuant to 28 U.S.C. § 1782 to obtain discovery from Respondent Children's Hospital of New Orleans ("Children's Hospital").[1] Solines seeks this discovery for use in pending foreign proceedings in which she is a party. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this matter arises under 28 U.S.C. § 1782. Having reviewed the prevalent case law and the pleadings, the Court rules as follows.

**I.  Background**

Solines is an Ecuadorian citizen involved in a child support dispute with her ex-husband, Patricio Arias Valencia ("Arias"). [Declaration of David Francisco Garcés ("Doc. 1-1") at ¶¶ 6-11].[2] Solines and Arias are the parents of two young children. Arias is a doctor who specializes in gastroenterology at Children's Hospital, a hospital located at 200 Henry Clay Avenue, New Orleans, Louisiana. In this Section 1782 application, Solines seeks to obtain documents that are

---

[1] This Court may consider the application *ex parte*. *See, e.g., IPCom GMBH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919 (N.D. Cal. 2014) (noting that the court had granted petitioner's Section 1782 application *ex parte* while reserving respondent's right to move to quash).

[2] Garcés is a member of Conrad & Scherer, L.L.P, the firm that Solines retained to represent her in the Ecuadorian dispute.

relevant to her Ecuadorian litigation against Arias. Specifically, Solines seeks documents concerning Arias's position at Children's Hospital and his compensation – documents, she contends, that are relevant to the Ecuadorian action in which Arias's income is a central issue.

## II. Law and Analysis

"The history of section 1782 indicates that Congress intended federal courts to provide broad assistance to foreign litigants who request permission to conduct discovery in the United States." *Application of Sarrio S.A. for Assistance Before Foreign Tribunals*, 173 F.R.D. 190, 193 (S.D. Tex. 1995). Such discovery "promote[s] international dispute resolution and comity." *Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013).

There are three statutory requirements to obtain discovery under Section 1782. Those requirements are: (1) the applicant is an "interested person"; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the source of the requested discovery "resides or is found" in the district where the application is filed. 28 U.S.C. § 1782; *see also Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012). For the reasons outlined below, the Court finds that Solines satisfies each requirement.

With regard to the first factor, Solines is a party to the underlying Ecuadorian lawsuit. [Doc. 1-1 at ¶¶ 6, 11]. As a party, Solines is an "interested person" under Section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782").

2

As to the second factor, Solines seeks discovery "for use in" a foreign proceeding – the underlying Ecuadorian lawsuit. The Court finds that Arias's employment and salary information would be relevant to Solines's child-support action. Such information would be relevant to determining the proper level of support that Arias owes Solines and her children. [Doc. #1-1 at ¶¶ 12-13].[3]

And lastly, Children's Hospital is found in this district.

In short, Solines easily satisfies all of Section 1782's statutory requirements.

However, that is not the end of this Court's inquiry. Once Section 1782's "statutory requirements are met, a district court is free to grant discovery *in its discretion*." *In re Application for an Order Permitting Metallgesellschaft AG to Take Discovery*, 121 F.3d 77, 78 (2d Cir. 1997). "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Id.* at 79.

This Fifth Circuit has described the extent of this Court's discretion:

The Supreme Court has suggested that district courts should consider (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding," since "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid," (ii) "the nature of the foreign tribunal, the

---

[3] The Court notes here that Solines need not show the evidence that she seeks would be discoverable or admissible in Ecuador. *Metallgesellschaft AG*, 121 F.3d at 79 ("We have rejected any requirement that evidence sought in the United States pursuant to § 1782(a) be discoverable under the laws of the foreign country that is the locus of the underlying proceeding."); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) ("there is no statutory basis for any admissibility requirement" under Section 1782).

3

character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (iii) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (iv) whether the § 1782(a) request is "unduly intrusive or burdensome." *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 377 n.3 (5th Cir. 2010) (quoting *Intel*, 542 U.S. at 264-65).

Children's Hospital is not a participant in the underlying Ecuadorian lawsuit. And, since Children's Hospital is most likely outside the jurisdiction of the Ecuadorian tribunal, evidence from Children's Hospital "may be 'unobtainable absent § 1782(a) aid.'" *Ecuadorian Plaintiffs*, 619 F.3d at 377 n.3 (quoting *Intel*, 542 U.S. at 264-65); *see also Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254, 262 (D. Mass. 2010) (holding that "the first factor weighs in favor of granting discovery when Ecuadorian court could not "order the discovery" that the applicant sought from a Massachusetts-based consultant under Section 1782).

In addition, Ecuadorian courts are receptive to aiding United States federal courts. That receptiveness is reflected in the large number of Section 1782 applications relating to Ecuador that have been granted by federal courts in recent years. *See, e.g., Republic of Ecuador*, 708 F.3d at 653 ("In connection with the BIT arbitration and ongoing Lago Agrio litigation in Ecuador, both parties have repeatedly sought discovery through United States courts pursuant to § 1782. At least twenty such orders have been issued on behalf of Chevron.").[4]

---

[4] To turn this factor in its favor, the burden would be on Children's Hospital to submit "authoritative proof" that the Ecuadorian court would reject this evidence. *Metallgesellschaft AG*, 121 F.3d at 80 ("absent 'authoritative proof that a foreign tribunal would reject the evidence obtained with the aid of section 1782,' . . . a district court should not refrain from granting the assistance afforded under the Act based simply on allegations to that effect"); *see also In re Application of Time, Inc.*, Civ. A. No. 99-2916, 1999 WL 804090, at *6 (E.D. La. Oct. 6, 1999) ("The burden is not, as Freeport [the respondent] suggests,

4

With regard to the third factor, the Court does not find that Solines attempts to circumvent Ecuador's proof-gathering restrictions or other policies. As noted above, litigants in Ecuadorian courts routinely rely on Section 1782 to obtain evidence from American persons and entities. Moreover, Solines seeks what is standard evidence in child-support disputes: income information that would support her request for additional support from Arias. [Doc. #1-1 ¶ 12-13]; *see Shefftz*, 754 F. Supp. 2d at 262 ("There is no evidence of bad faith or an attempt to circumvent foreign proof-gathering restrictions.").

And lastly, Solines's requests to Children's Hospital are not unduly intrusive or burdensome. [Doc. #1-2]. Indeed, the request for production of documents lists only six specific and narrow requests. And Solines seeks documents or categories of documents from only the last three years. The documents she seeks are few, but they will be potentially relevant to the underlying Ecuadorian lawsuit. And because the requests are so few, the Court finds that the burden on Children's Hospital in producing these documents will be minimal. *See, e.g.,Time, Inc.*, 1999 WL 804090, at *7 (denying in part Section 1782 application when "the requests cover the period of more than 32 years from January 1, 1967 to the present").

Moreover, the "manner in which discovery proceeds" on Solines's application "will be determined by normal discovery rules." *Texas Keystone, Inc.*, 694 F.3d at 554. Solines's requests

---

on Time [the applicant] to show discoverability. Rather, it is Freeport's burden to show that the foreign tribunal would refuse the evidence."); *Ecuadorian Plaintiffs*, 619 F.3d at 379 (holding "plaintiffs have not established that Ecuadorian law shields [an environmental consulting firm] from discovery"); *id.* at 377 (observing "there has been no 'clear directive' from the Ecuadorian court that it 'would reject evidence' produced in the United States"). Children's Hospital's right to challenge this finding will be reserved for any potential motion to quash, should circumstances warrant one.

5

for documents are governed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, and the requests are consistent with those rules. Having reviewed the requests, the Court finds at this time that the requested documents are potentially "relevant to [Solines's] claim or defense" in a child-support lawsuit, and they are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

For these reasons, the Court recommends that Solines's application be granted. One final caveat: This Recommendation should not be read as precluding Children's Hospital from asserting any defense or objection to a discovery request. Indeed, as Section 1782 expressly notes: "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a).

### III. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS RECOMMENDED** that the Application of Monica Alegria Solines for Discovery Pursuant to 28 U.S.C. § 1782 [Doc. #1] be GRANTED.

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of April, 2018.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**